

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-5137
Re: State aid to public
junior colleges.

We have received your letter of June 24, 1943, in
which you request the interpretation of this department of
the last paragraph of Section 5 of House Bill No. 210, Acts
1943, 48th Legislature, Regular Session. You enclose a copy
of a letter to your department from the president of a public
junior college, which letter reads in part as follows:

"Confirming our recent conversation, please
permit me to make the following statement regard-
ing the possibility of securing a portion of our
Junior College State Aid for our Summer Terms or
Semesters:

"The language of the recently enacted HB No.210
states 'that the funds here appropriated shall be
disbursed to and distributed among the Public
Junior Colleges which qualify to receive it on
the basis of Fifty Dollars ($50) per capita for
each full-time student per scholastic year or
equivalent term if the calendar year is divided
into more than two terms.' The law then goes on
to say that the term 'Full-time student' means 'a
student doing fifteen semester hours of work, and
that the number of full-time students enrolled in

any school to be benefited by this act shall be determined by dividing the total number of semester hours of work carried by all students enrolled in any school, as of November 1, in any fiscal year, by fifteen.'

"It seems to me that it would be possible to interpret the above language to mean that if a college operates on a trimester basis or any other basis which includes more than the ordinary scholastic year, it should receive an additional pro-rata allowance for the extra time which it operates over and above the normal scholastic year. In other words, if a college has three full semesters of work each year, it seems to me that the college should receive a per capita allotment of $75 in each fiscal year for each full-time student enrolled as of November 1 instead of $50 per year.

"I think this would be a just and equitable interpretation for the following reasons:

"1. Accelerated college programs, such as the trimester or other similar programs, are certainly in line with general national policies at this time.

"2. If we encourage students to enter college this summer, continue throughout next Long Session and the full summer, they will thus complete two full years of college training, and we will secure only one $50 apportionment on such students unless the law is properly interpreted.

"3. Many colleges, including Lamar, will probably have to charge a higher rate of tuition for the Summer Semester than for the Long Session unless a pro-rata of the appropriation can be made available for the Summer Session. It is hardly fair to students to encourage them to follow an accelerated program of

Honorable T. M. Trimble, page #3

"4. It is my understanding that state-supported senior colleges and universities receive a summer session appropriation. Since junior colleges have not so far received such a summer session apportionment, it would seem only fair and logical to me to interpret this new act in such a way as to permit a portion of this fund to be used on our Summer Sessions.

"5. Since the total amount of money to be appropriated under this act cannot exceed $206,500, the State should not object to a portion of the funds being used to help sustain Summer Session under the new accelerated plan as the great majority of Public Junior Colleges will operate on an accelerated plan at least for the duration of the war and probably thereafter. Therefore, I see no possibility of an inequitable distribution resulting from the interpretation which I am urging.
* * * *"

You request our opinion on the following question:

"Is it possible to interpret this law to mean that a college operating on a trimester basis can receive $75 each fiscal year for each full-time student enrolled as of June 1 instead of the $50 per year now paid colleges operating on the semester basis?"

House Bill No. 210 is an Act making appropriations under certain conditions for the purpose of supplementing the local funds of the public junior colleges of this state. You ask our opinion as to the proper interpretation of the last paragraph of Section III, which reads as follows:

"Provided that each of the above Public Junior Colleges shall qualify within the requirements of

Honorable T. M. Trimble, page #4

this Act; and provided further that the funds
here appropriated shall be disbursed to and
distributed among the Public Junior Colleges
which qualify to receive it on the basis of
Fifty Dollars ($50.00) per capita for each
full time student per scholastic year or equiv-
alent thereof if the calendar year is divided
into more than two (2) terms; provided that
the term 'full-time student' shall not include
members of the Armed Forces of the United States
of America and auxiliaries thereof or members of
the Armed Forces Reserve of the United States of
America and any other student whose expenses are
paid by the United States Government; and provid-
ing that 'full-time student' as herein used is
defined as a student doing fifteen (15) semester
hours of work, and that the number of full-time
students enrolled in any school to be benefited
by this Act shall be determined by dividing the
total number of semester hours of work carried
by all students enrolled in any school, as of
November 1, in any fiscal year, by fifteen (15)."

We think it clear that your question requires a negative
answer, for it is our opinion that $50.00 per capita for each
full time student is the maximum amount which can be granted
under the Act.

That part of the Act quoted above authorizes a grant of
$50.00 per capita for each full time student per scholastic year
or equivalent thereof if the calendar year is divided into more
than two terms. It does not authorize a grant for any part in
excess of the scholastic year or any part in excess of the "e-
quivalent thereof." We think that the absence of language mak-
ing such grant means that there is no such grant. And we fur-
ther think that "equivalent thereof" are words of limitation
used by the Legislature to show that no distinction was to be
made between those junior colleges offering two terms and those
offering a larger number.

Honorable T. M. Trimble, page #5

The correctness of this conclusion is shown by two additional factors. No standard is set up to guide the officers charged with the administration of the Act with respect to any excess of the "equivalent thereof." Also, the formula set out in the Act for the determination of the number of full-time students shows that no distinction is to be made between those students in a semester school and those in a trimester school, for the basis of determination is exactly the same for both.

You are, therefore, advised that a junior college operating on a trimester basis is entitled to no more than $50.00 per full-time student, under the terms and conditions specified in House Bill No. 210.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
George W. Sparks
Assistant

GWS-a

ok
c.c.r. Gerald C. Mann
APPROVED JUL 16, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWA
CHAIRMAN